IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BOBBY EARL WILSON, JR.**                                                     **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 5:07cv165-DCB-MTP**

**CHRISTOPHER B. EPPS, et al.**                                   **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on the Petitioner's Motion to Show Cause [26], Motion for Discovery [27], and Motion to Strike (Prior) Traverse and to Submit (New) Traverse [29]. The court having considered the motions finds that they should be DENIED.

Petitioner's Motion for Discovery [27] is denied at this time. The court will consider the submissions of the parties and the evidence currently in the record. At this time, the court has not determined that any discovery is necessary.

Petitioner's Motion to Strike (Prior) Traverse and to Submit (New) Traverse [29] is denied. In his Motion [29], Petitioner claims that at the time he filed his Traverse [23] on October 25, 2007, he did not have copies of the legal cases he needed. However, plaintiff has indicated that he now has the relevant case law he needs,[1] and the court has entered an Order [25] allowing the Petitioner to provide the court with additional legal authorities (not to exceed twenty (20) cases) not previously provided or cited in his Petition or Traverse by December 20, 2007. Accordingly, Petitioner's request is now moot. Petitioner has already filed lengthy submissions in support of his Petition, and the court will consider the submissions already before the court, in addition to any additional cases provided by December 20, 2007.

---

[1] *See* Motion [26].

Petitioner's Motion to Show Cause [26] is denied.  In his Motion [26], Petitioner requests the entry of default judgment against Respondents for losing his legal property, and for filing an untimely answer to his Petition.  He also asks the court to order Respondents to locate and replace his lost documents.  Petitioner's request for default judgment is denied, as Respondents' Answer was timely filed.[2]  Moreover, Petitioner has failed to show any prejudice by the alleged delay.  *See Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases"); *McGee v. Cockrell,* No. 3:00-CV-2263-H, 2001 WL 1631518, at *3 (N.D. Tex. Dec. 14, 2001) (denying petitioner's request for default based on untimely answer filed by respondent, where untimely filing did not prejudice petitioner); *Brossard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1982) (reversing grant of habeas petition based on government's untimely filing of report on rehearing).

Further, Petitioner's request for the replacement of his legal documents is denied as moot.  In his Motion, Petitioner states that he now has the relevant case law he needs to cite in support of his Traverse, and the court has allowed Petitioner until December 20, 2007 to provide the court with such case citations.  *See* Order [25].  Further, Petitioner claims that he did not lose his legal documents (Vol. 1-2 of his transcript, his Section 2254 Petition and brief, his Motion for Default, and his Motion for Evidentiary Hearing) until October 31, 2007, six days *after* he filed his Traverse [29].  Accordingly, Petitioner had the alleged missing legal documents at the time he

---

[2]According to the docket entry dated September 18, 2007, Respondents' Answer was due on October 1, 2007. *See* Acknowledgment of Service [10].  However, upon close inspection of the return receipt and the court's Order [9] issuing service of process entered on September 14, 2007, Respondents were actually served on September 17, 2007, and not September 11, 2007, making their answer due on October 9, 2007 (October 8, 2007, Columbus Day, was a federal holiday).  Accordingly, Respondents' Answer [13] filed on October 9, 2007 was timely.

filed his Traverse.

IT IS, THEREFORE, ORDERED that Petitioner's Motions [26][27][29] are DENIED.

SO ORDERED this the 19th day of November, 2007.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge