## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## WESTERN DIVISION

BOBBY EARL WILSON, JR.                                           PETITIONER

VERSUS                              CIVIL ACTION NO. 5:07cv165-DCB-MTP

CHRISTOPHER B. EPPS, ET AL.                                      RESPONDENT

### ORDER

This matter comes before the Court on the pro se petitioner's Motion for Recusal **[docket entry no. 11]** and Renewal of Motion for Recusal **[docket entry no. 40]**. The Court having carefully considered the pro se petitioner's Motions, applicable statutory and case law, and being otherwise fully advised as to the premises, finds and orders as follows:

On February 22, 1999, the petitioner pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) in a criminal action styled "United States v. Wilson, 5:98cr13-DCB." On June 15, 1999, this Court sentenced the petitioner to seventy months of imprisonment for each count, to run concurrently, followed by a three-year term of supervised release for each count, also to run concurrently. The undersigned presided over the conviction and sentencing of the petitioner in "United States v. Wilson, 5:98cr13-DCB."

On March 15, 2004, the Court granted the government's Request for Modifying the Conditions or Term of Supervision with Consent of

the Offender[1], which permitted the petitioner to reside at Bannum Place in Jackson, Mississippi, for a period of six months following his release from the custody of the Bureau of Prisons.  The petitioner was released from prison — and the three-year supervised release period began — on March 24, 2004, with instructions to report to the United States Probation Office in Jackson, Mississippi, within seventy-two hours of his release.  The petitioner failed to report to the Probation Office as instructed.

On March 30, 2004, the petitioner was arrested by the Warren County Sheriff's Department for another bank robbery in Vicksburg, Mississippi.  On April 13, 2004, this Court granted the United States' Petition for Warrant or Summons for Offender Under Supervision, which sought the arrest of the petitioner for alleged violations of the terms of his supervised release.  The Court issued the requested arrest warrant on April 13, 2004.

The petitioner was indicted on July 20, 2004, in the Circuit Court of Warren County, Mississippi, for the March 2004 bank robbery.  Following a jury trial and conviction for this crime on November 20, 2004, the petitioner was sentenced to life imprisonment without parole by the Circuit Court of Warren County, Mississippi, on December 15, 2004.  The petitioner received this

---

[1] On March 9, 2004, the petitioner executed a written waiver of his statutory right to a hearing and the assistance of counsel on the proposed modification of the conditions of his probation and supervised release.

sentence pursuant to Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81, which requires an offender to receive the maximum sentence without parole or probation for the felony for which he is convicted if twice previously he has been convicted of a state or federal felony and sentenced to one year or more for each crime.  The petitioner's 1999 conviction in this Court for two counts of bank robbery in contravention of 18 U.S.C. § 2113(a) served as one of the base felonies for his sentence of life without parole for the March 2004 bank robbery under the Mississippi habitual offender statute; a 1994 grand larceny conviction in the Circuit Court of Warren County, Mississippi, was the other.  The petitioner is currently serving his sentence in the Mississippi State Penitentiary located at Parchman, Mississippi.

On March 3, 2005, the Court ordered the withdrawal of the April 12, 2004, Petition for Warrant or Summons for Offender Under Supervision and the recall of the April 13, 2004, arrest warrant. On August 30, 2007, the petitioner instituted the instant action via a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [docket entry no. 1], in which he challenges his state court conviction and sentence for the March 24 bank robbery.

On September 25, 2007, the petitioner filed a Motion for Recusal [docket entry no. 11].  On November 28, 2007, the petitioner filed his Renewal of Motion for Recusal [docket entry

3

no. 40].  These two recusal Motions are now before the Court.

In his Motions, the petitioner asserts that the undersigned should recuse himself from further consideration of the instant action.  The petitioner contends that the undersigned's partiality might reasonably be questioned, given that this Court presided over the 1999 case in which the petitioner was convicted and sentenced for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and this prior conviction and sentence served as one of the predicate felonies for the state conviction and sentence the petitioner is now challenging pursuant to § 2254.  The petitioner also alleges that the undersigned made no effort to revoke the petitioner's probation when there was evidence to do so.  According to the petitioner, should the undersigned fail to recuse himself, the petitioner's due process rights will be contravened.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "Courts have interpreted this statute to require recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."  Sensley v. Albritton, 385 F.3d 591, 598 (5th Cir. 2004).  "The reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'"  Trevino v. Johnson, 168 F.3d 173, 179 (5th Cir. 1999)(quoting United States v. Jordan, 49 F.3d 152, 156 (5th

Cir. 1995)).  Furthermore, "[a] motion to disqualify brought under 28 U.S.C. § 455 is 'committed to the sound discretion of the district judge.'" <u>Sensley</u>, 385 F.3d at 598 (quoting <u>Chitimacha Tribe v. Harry L. Laws Co.</u>, 690 F.2d 1157, 1166 (5th Cir. 1982)).

The undersigned is of the opinion that no reasonable person would, if familiar with all of the pertinent facts, question the undersigned's ability to impartially and fairly preside over the instant action.  Merely because eight years earlier the undersigned presided over a criminal case in which the petitioner was convicted and sentenced for federal bank robbery crimes and such conviction and sentence formed one of the bases for the enhancement of the petitioner's state conviction and sentence for a separate robbery the petitioner is now attacking does not reasonably call into question the undersigned's impartiality in this matter.

The Court does not believe the petitioner's Motions may be construed as an affidavit alleging that the undersigned has a personal bias or prejudice against him or in favor of the respondent under 28 U.S.C. § 144, given that the petitioner asserts the undersigned possesses bias or prejudice based solely upon the undersigned's participation in previous judicial proceedings. Under § 144, "the alleged bias must be personal, as distinguished from judicial, in nature."  <u>United States v. Scroggins</u>, 485 F.3d 824, 830 (5th Cir. 2007)(quoting <u>Phillips v. Joint Legislative Comm. on Performance & Expenditure Review</u>, 637 F.2d 1014, 1020 (5th

5

Cir. 1981)).

There being no other colorable basis for the undersigned's recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144, accordingly **IT IS HEREBY ORDERED** that the pro se petitioner's Motion for Recusal **[docket entry no. 11]** is **DENIED.**

**IT IS FURTHER ORDERED** that the pro se petitioner's Renewal of Motion for Recusal **[docket entry no. 40]** is **DENIED.**

**SO ORDERED,** this the  10th  day of December 2007.


　　　　　　　　　　　　　 s/ David Bramlette    
　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**