IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BOBBY EARL WILSON, JR.**                                                                 **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 5:07cv165-DCB-MTP**

**CHRISTOPHER B. EPPS, et al.**                                                     **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the Petitioner's Motion [16] for Summary Judgment.  Having reviewed the Motion and the applicable law, the undersigned recommends that the Motion be DENIED.

In his Motion [16] for Summary Judgment, Petitioner urges the court to grant his habeas petition based on his allegation that Respondents failed to file a timely answer.  This motion contains the same arguments set forth in previous Motions [17][18][28] filed by Petitioner, which were rejected by the court.  *See* Report and Recommendation [32] and Order [49] Adopting Same.

As set forth the court's previous rulings, Respondents' answer to the petition was due on October 1, 2007, according to the docket entry dated September 18, 2007.  *See* Acknowledgment of Service [10].  However, upon close inspection of the return receipt and the court's Order [9] issuing service of process entered on September 14, 2007, Respondents were actually served on September 17, 2007 [10], and not September 11, 2007 as Petitioner alleges, making their answer due on October 9, 2007 (October 8, 2007, Columbus Day, was a federal holiday).  Accordingly, Respondents' Answer [13] filed on October 9, 2007 was timely.

Even if the answer were untimely, this does not entitle Petitioner to judgment as a matter

1

of law.  *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 766 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."); *see also Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases"); *McGee v. Cockrell,* No. 3:00-CV-2263-H, 2001 WL 1631518, at *3 (N.D. Tex. Dec. 14, 2001) (denying petitioner's request for default based on untimely answer filed by respondent, where untimely filing did not prejudice petitioner); *Brossard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1982) (reversing grant of habeas petition based on government's untimely filing of report on rehearing).  Petitioner has not demonstrated any prejudice resulting from the purported untimely answer.  Petitioner's request for summary judgment should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petitioner's Motion [16] for Summary Judgment be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 16th day of May, 2008.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge