**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**BOBBY EARL WILSON, JR.**                                                               **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 5:07cv165-DCB-MTP**

**CHRISTOPHER B. EPPS, et al.**                                             **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Petitioner's Motions for Discovery [64][66], and Motion to Borrow Pleadings [73]. The court having considered the motions finds that they should be DENIED.

Petitioner claims that discovery is necessary to support his claim that his trial counsel was ineffective for failing to present mitigating evidence during his sentencing hearing.[1] Specifically, Petitioner seeks the court order committing him to Whitfield State Hospital for mental treatment issued by the Warren County Chancery Court in May 1998, and the doctor's report submitted to the state court. He also seeks his records from Charter Hospital in Flowood, Mississippi.[2]

He claims that the staff at Charter Hospital failed to supervise him, which allowed him to escape and commit two bank robberies. He claims that these two bank robberies, which were

---

[1]Petitioner previously raised a similar argument in his request for an evidentiary hearing. *See* Motion [58]. In that Motion [58], Petitioner claimed that an evidentiary hearing was necessary in order to support his claim for ineffective assistance of counsel. He also claimed that counsel was needed to obtain affidavits from family members, prior employers, and doctors to establish mitigating evidence for his sentence, which his trial counsel failed to present. The court denied Petitioner's Motion. *See* Order [61].

[2]The court notes that this is Petitioner's second attempt at discovery in this matter. In his first Motion [27], he sought a copy of the videotape of his arrest, claiming it was necessary to support his claim for illegal search and seizure. The court denied the motion. *See* Order [33].

committed when he was of unsound mind, were used to enhance his present sentence. He claims that if this evidence had been presented to his sentencing court (the Circuit Court of Warren County), he would not have been sentenced to life without parole.[3] Petitioner also seeks counsel to investigate these matters.[4]

Respondents submit that Petitioner is not entitled to discovery because he has failed to present any claim in his federal petition that would entitle him to relief. Respondents claim that Petitioner has failed to show how the documents he seeks would entitle him to relief.

The Supreme Court has held that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . " Expounding on the "good cause" clause under Rule 6(a), the Supreme Court stated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

---

[3]To the extent Petitioner is attempting to attack his prior convictions used to enhance the present sentence, this habeas petition is not the appropriate vehicle to do so. In *Daniels v. United States*, 532 U.S. 374, 382 (2001), the Supreme Court held that in general, when "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001), the Supreme Court extended this holding to cover Section 2254 petitions directed at enhanced state sentences.

[4]This is Petitioner's third request for the appointment of counsel in this matter; the court has previously denied his motions. *See* Motions [48][58]; Order [61]; Order dated 2/21/08. This motion is not docketed as a motion to appoint counsel, but to the extent Petitioner moves for appointment of counsel, his request is denied. Based on the record before the court, the "interests of justice" do not require the appointment of counsel at this time. *See Cotton v. Cain*, 182 F.3d 914, 1999 WL 423009, at *1 (5th Cir. May 28, 1999).

demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The Fifth Circuit has found that "[g]ood cause may be found when a petition for habeas corpus relief 'establishes a prima facie claim for relief.'" *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris*, 394 U.S. at 290). However, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6 ." *Murphy*, 205 F.3d at 814.

The court finds that Petitioner has failed to show good cause to allow him to conduct discovery. The record reflects that prior to trial, Petitioner informed his trial counsel of his prior treatment for mental illness, including treatment at the State Hospital, the "mental health clinic," and the Vicksburg Medical Center. *See* Affidavit [59]. Petitioner alleges that his counsel made a note of what he told him.

The record further reflects that Petitioner's trial counsel filed a motion for psychiatric examination at the Mississippi State Hospital; the trial court granted the motion and ordered Petitioner to submit to a psychiatric evaluation. (R.1 at 9-10, 28.) Specifically, the court ordered Petitioner to be examined by Dr. Phillip Scurria regarding his competency for trial, his degree of criminal responsibility, and any recommendation for disposition. (R.1 at 28.) After performing the psychiatric evaluation, Dr. Scurria put his findings in a letter and sent a copy to the trial judge, the State, and Petitioner's trial counsel. (R.2 at 33.) Dr. Scurria's letter was marked for identification as the State's Exhibit 1. *See* Notice [75]; Sealed Document [76]. Petitioner's trial counsel stated that they did not plan on using the evaluation, but had no objection to it being

3

marked for identification. (R.2 at 33-34.) Petitioner was found competent to stand trial. *See* Sealed Document [76]; Affidavit [59]; *see also* (R.2 at 2.). Dr. Scurria also opined that Petitioner "had the mental capacity to distinguish right from wrong and was not over mastered by any delusional compulsion." *See* Sealed Document [76].

Petitioner has failed to establish a prima facie claim for relief on his claim that his counsel was ineffective for failing to present mitigating evidence during his sentencing hearing. *See Murphy*, 205 F.3d at 814. Further, he has failed to show how the documents he seeks would establish that his counsel was ineffective. Indeed, it appears that Dr. Scurria reviewed the 1998 report Petitioner seeks in this motion. *See* Sealed Document [76]. Dr. Scurria's report further reflects that he interviewed Petitioner regarding the two underlying bank robberies used to enhance his sentence, and states that Petitioner denied any ideas of paranoid thinking or ideas of thought control. *Id.* Accordingly, Petitioner's Motions for Discovery [64][66] are denied. The court will consider the submissions of the parties and the evidence currently in the record. At this time, the court has not determined that any discovery is necessary.

In his Motion to Borrow Pleadings [73], Petitioner claims that his legal property was taken from him, and requests a copy of his Petition [1], Memorandum [5], and Traverse [23]. He claims he previously asked the Clerk for a copy of these pleadings, and he was informed that the cost would be $95.00 (190 pages at $.50/page). He claims he is indigent and seeks the copies at the government's expense. He alleges the copies are necessary for him to file objections to any order or report that may be issued by the court.

The court finds that copies of the requested pleadings are not necessary at this time. These pleadings are filed of record, and there is no present reason Petitioner needs copies of

these pleadings to file objections to the court's orders. Petitioner may reference and/or rely on the filed pleadings without reciting their contents. Further, the court has yet to enter a recommendation or order on the merits of Petitioner's petition, thereby rendering the request premature. Accordingly,

    IT IS, THEREFORE, ORDERED that Petitioner's Motions [64][66][73] are DENIED.

    SO ORDERED this the 24th day of April, 2009.

                                                                  s/ Michael T. Parker
                                                                  United States Magistrate Judge