```
                    UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                         WESTERN DIVISION
```

BOBBY EARL WILSON, JR.                                      PETITIONER

VERSUS                              CIVIL ACTION NO. 5:07cv165-DCB-MTP

CHRISTOPHER B. EPPS, ET AL.                                 RESPONDENT

## ORDER

This matter comes before the Court on the pro se petitioner's Motion for Disqualification **[docket entry no. 71]**.  The Court having carefully considered the pro se petitioner's Motions, applicable statutory and case law, and being otherwise fully advised as to the premises, finds and orders as follows:

On February 22, 1999, the petitioner pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) in a criminal action styled "United States v. Wilson, 5:98cr13-DCB."  On June 15, 1999, this Court sentenced the petitioner to seventy months of imprisonment for each count, to run concurrently, followed by a three-year term of supervised release for each count, also to run concurrently.  The undersigned presided over the conviction and sentencing of the petitioner in "United States v. Wilson, 5:98cr13-DCB."

On March 15, 2004, the Court granted the government's Request for Modifying the Conditions or Term of Supervision with Consent of

the Offender[1], which permitted the petitioner to reside at Bannum Place in Jackson, Mississippi, for a period of six months following his release from the custody of the Bureau of Prisons. The petitioner was released from prison — and the three-year supervised release period began — on March 24, 2004, with instructions to report to the United States Probation Office in Jackson, Mississippi, within seventy-two hours of his release. The petitioner failed to report to the Probation Office as instructed.

On March 30, 2004, the petitioner was arrested by the Warren County Sheriff's Department for another bank robbery in Vicksburg, Mississippi. On April 13, 2004, this Court granted the United States' Petition for Warrant or Summons for Offender Under Supervision, which sought the arrest of the petitioner for alleged violations of the terms of his supervised release. The Court issued the requested arrest warrant on April 13, 2004.

The petitioner was indicted on July 20, 2004, in the Circuit Court of Warren County, Mississippi, for the March 2004 bank robbery. Following a jury trial and conviction for this crime on November 20, 2004, the petitioner was sentenced to life imprisonment without parole by the Circuit Court of Warren County, Mississippi, on December 15, 2004. The petitioner received this

---

[1] On March 9, 2004, the petitioner executed a written waiver of his statutory right to a hearing and the assistance of counsel on the proposed modification of the conditions of his probation and supervised release.

sentence pursuant to Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81, which requires an offender to receive the maximum sentence without parole or probation for the felony for which he is convicted if twice previously he has been convicted of a state or federal felony and sentenced to one year or more for each crime. The petitioner's 1999 conviction in this Court for two counts of bank robbery in contravention of 18 U.S.C. § 2113(a) served as one of the base felonies for his sentence of life without parole for the March 2004 bank robbery under the Mississippi habitual offender statute; a 1994 grand larceny conviction in the Circuit Court of Warren County, Mississippi, was the other. The petitioner is currently serving his sentence in the Mississippi State Penitentiary located at Parchman, Mississippi.

On March 3, 2005, the Court ordered the withdrawal of the April 12, 2004, Petition for Warrant or Summons for Offender Under Supervision and the recall of the April 13, 2004, arrest warrant. On August 30, 2007, the petitioner instituted the instant action via a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [docket entry no. 1], in which he challenges his state court conviction and sentence for the March 24 bank robbery.

On September 25, 2007, the petitioner filed a Motion for Recusal [docket entry no. 11]. Subsequently, petitioner filed a Renewal of Motion for Recusal on November 28, 2007. The Court

denied both motions on December 10, 2007 [docket entry no. 44]. On March 26, 2009, the petitioner filed a Motion for Disqualification [docket entry no. 71]. This disqualification Motion is now before the Court.

In his Motion, the petitioner asserts that the undersigned should disqualify himself from further consideration of the instant action. The petitioner contends that the undersigned acted arbitrarily and his partiality might reasonably be questioned, given that the Court did not notify the petitioner of the Court's March 3, 2005, Order Withdrawing the April, 12, 2004, Petition for Warrant for supervision revocation hearing. The petitioner alleges that the undersigned acted "arbitrarily" by not instructing the clerk to notify petitioner of that order. The petitioner also alleges that the undersigned acted "arbitrarily" by finding in the December 26, 2007, order [docket no. 5:98cr13, entry no. 48] that petitioner was not "in custody" for purposes of filing a § 2241 or § 2255 motion and not revoking his supervised release. Finally, petitioner alleges that the undersigned "has a personal bias or prejudice" against him, and, therefore, the undersigned cannot impartially and fairly rule on the petitioners § 2254 motion which was filed on August 30, 2007, and is now pending before the Court.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Courts have interpreted this statute to require

4

recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." Sensley v. Albritton, 385 F.3d 591, 598 (5th Cir. 2004). "The reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" Trevino v. Johnson, 168 F.3d 173, 179 (5th Cir. 1999)(quoting United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995)). Furthermore, "[a] motion to disqualify brought under 28 U.S.C. § 455 is 'committed to the sound discretion of the district judge.'" Sensley, 385 F.3d at 598 (quoting Chitimacha Tribe v. Harry L. Laws Co., 690 F.2d 1157, 1166 (5th Cir. 1982)).

The undersigned has not acted arbitrarily in any matter concerning the petitioner. The Order of Dismissal that was entered by this Court on March 3, 2005, was filed by J.T. Noblin, Court Clerk, on March 7, 2005. The order was entered as docket entry no. 28 in U.S. v. Bobby Wilson, Jr., docket number: 5:98cr13BRS. Thus, the petitioner cannot now claim that he never had notice of this order or that the Court acted arbitrarily by not providing the petitioner with notice of this order.

Additionally, the undersigned did not act arbitrarily by finding in the December 26, 2007, order that petitioner was not "in custody" for purposes of filing a § 2241 or § 2255 motion and not revoking the petitioner's supervised release. As previously stated in that order, because the petitioner was not "in custody" when he

5

filed motions attacking his sentence, the Court lacked jurisdiction to hear either a § 2255 motion or a § 2241 petition asserting that the petitioner's due process rights were violated when the government failed to revoke his supervised release. His federal sentence had expired on March 24, 2007. The petitioner filed his motions on June 18 and July 26, 2007. Therefore, the undersigned did not act arbitrarily by finding that the petitioner was not "in custody" and not revoking his supervised release.

Lastly, the undersigned is of the opinion that no reasonable person would, if familiar with all of the pertinent facts, question the undersigned's ability to impartially and fairly preside over the petitioner's § 2254 motion. Merely because eight years earlier the undersigned presided over a criminal case in which the petitioner was convicted and sentenced for federal bank robbery crimes and such conviction and sentence formed one of the bases for the enhancement of the petitioner's state conviction and sentence for a separate robbery the petitioner is now attacking does not reasonably call into question the undersigned's impartiality in this matter.

The petitioner's affidavit attached to the instant motion is not **sufficient** to warrant disqualification of the undersigned for bias or prejudice, given that the petitioner asserts bias or prejudice solely upon the undersigned's participation in previous judicial proceedings. Davis v. Board of School Comm'rs of Mobile

6

County, 517 F.3d 1044, 1051 (5th Cir. 1975)(holding that under § 144, legal sufficiency of affidavit must be based on extra-judicial facts showing bias or prejudice)(emphasis added).  Under § 144, "the alleged bias must be personal, as distinguished from judicial, in nature."  United States v. Scroggins, 485 F.3d 824, 830 (5th Cir. 2007)(quoting Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1020 (5th Cir. 1981)).

There being no other colorable basis for the undersigned's disqualification under 28 U.S.C. § 455 or 28 U.S.C. § 144, accordingly,

**IT IS HEREBY ORDERED** that the pro se petitioner's Motion for Disqualification **[docket entry no. 71]** is **DENIED**.

**SO ORDERED**, this the 30th day of September 2009.

                                              s/ David Bramlette

                                              **UNITED STATES DISTRICT JUDGE**