# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

BOBBY EARL WILSON, JR.                                      PETITIONER

VERSUS                          CIVIL ACTION NO. 5:07cv165-DCB-MTP

CHRISTOPHER B. EPPS, ET AL.                               RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of July 27, 2009 **(docket entry no. 79)**, wherein he recommends that Petitioner Bobby Earl Wilson, Jr.'s *pro se* petition for a writ of *habeas corpus*, brought pursuant to 28 U.S.C. § 2254, be denied.  On August 4, 2009, the petitioner filed his objection **(docket entry no. 80)** to the Report and Recommendation.  Also before the Court is the petitioner's Motion to Amend the Petition for a Writ of *Habeas Corpus* **(docket entry no. 85).**  Having reviewed the Report and Recommendation, the petitioner's objection thereto, the petitioner's motion, the response thereto, and applicable statutory and case law, the Court finds and orders as follows:

According to the Report and Recommendation, Petitioner Bobby Earl Wilson, Jr. ("Wilson") was convicted of robbery in the Circuit Court of Warren County, Mississippi, on November 2, 2004.  Wilson was also charged and convicted as a violent habitual offender under Miss. Code. Ann. § 99-19-83.[1]  Wilson v. State, 935 So.2d 945, 947

---

[1] "The two prior felonies charged in the original July 20, 2004, indictment were: (1) grand larceny in the Circuit Court of

(Miss. 2006). Following his conviction, he was sentenced as a habitual offender to serve a term of life without parole. Id. The Mississippi Supreme Court affirmed Wilson's conviction and sentence on June 8, 2006. Id. On June 27, 2007, the Mississippi Supreme Court denied his Motion for Post-Conviction Relief. Thereafter, Wilson filed the instant petition for writ of habeas corpus on or about August 30, 2007. Therein, he asserts four grounds for relief.

> **Ground One** - Denial of effective assistance of counsel in violation of the U.S. Constitution:
>
> A. His counsel failed to present the report made by the arresting officer and the videotape of his arrest;
> B. His counsel failed to raise the issue on direct appeal that no amendment was made to the habitual underlying offense of grand larceny;
> C. His counsel failed to prepare for his sentencing hearing;
> D. His counsel failed to object to prosecutor's prejudicial statement and failed to give curative instruction;
> E. His counsel failed to preserve discovery evidence for appellate review;
> F. His counsel failed to present evidence for a proportionality test;
> G. His counsel failed to cite to proper case law;

---

Warren County, Mississippi, on or about August 5, 1994, Cause no. 1171V, convicted and sentenced to serve five years, and (2) bank robbery in the United States District Court [sic] Southern District of Mississippi Western Division on or about June 21, 1999, in Cause no. 5:98cr12BRS, convicted and sentenced to serve seventy months. The grand larceny was actually burglary of an automobile; however, the cause number, sentence, and the sentencing court information were correct. The revocation order on the burglary of an automobile reflected the charge was for attempted grand larceny." Wilson, 935 So. 2d at 949.

>           and
>      H.   His counsel failed to suppress his identification.
>
> **Ground Two** - Due process in violation of the U.S. Constitution [challenging the indictment].
>
> **Ground Three** - Insufficiency of evidence in violation of the U.S. Constitution.
>
> **Ground Four** - Illegal search and seizure in violation of the U.S. Constitution [challenging the trial court's denial of his motion to suppress].

R&R, at 3.

In the Report and Recommendation, the Magistrate Judge recommended that Wilson's petition be dismissed with prejudice. In regard to Ground Two, Wilson argues that the trial court erred by allowing the state to amend the indictment in order to add the charge for habitual offender pursuant to Miss. Code. Ann. § 99-19-83.[2] Wilson alleges that this exposed him to more severe punishment than the original indictment and it should have only been amended by the grand jury. The Magistrate Judge determined that Wilson's claim "is nothing more than a claim of violation of state law which is barred from review" by the federal court. R&R, at 7. The Magistrate Judge concluded that because Wilson's defective indictment claim was found to be without merit by the Mississippi Supreme Court, the issue is foreclosed from federal

---

[2] This Court is addressing the petitioner's habeas arguments in the same order they are addressed in the Report and Recommendation -- 1) Ground Two, 2) Ground Three, 3) Ground Four, and 4) Ground One.

3

habeas corpus review. R&R, at 8; see Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988).

In Ground Three, Wilson claims that the evidence supporting his conviction was insufficient because the state failed to prove the "fear under duress" element of robbery under Mississippi law. He also claims that the jury verdict was against the overwhelming weight of the evidence. As to the petitioner's insufficiency of the evidence claim, the Magistrate Judge determined that in viewing the evidence in the light most favorable to the state, the court could not conclude that no "rational trier of fact could have found the essential elements of [robbery] beyond a reasonable doubt." R&R, at 12 (citing Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001)(citations omitted)). The Magistrate Judge also concluded that the petitioner's weight of the evidence claim is not a constitutional claim, and, therefore, is not a proper claim for habeas corpus relief. Id.

In Ground Four, Wilson alleges that his constitutional rights were violated when the trial court denied his motion to suppress because the arresting officer, Officer Young, did not have probable cause or reasonable suspicion to stop him and question him. The Magistrate Judge concluded that based upon the trial courts findings, the Mississippi Supreme Courts written opinion, and Terry v. Ohio, 392 U.S. 1 (1968), Officer Young had reasonable suspicion to stop and question Wilson. R&R, at 15. As a result, the

4

Magistrate Judge determined that the trial court's admission of the challenged evidence was not fundamentally unfair. Id.

Under Ground One, Wilson alleges eight claims of ineffective assistance of counsel. In Ground One (A), he claims that his trial counsel was ineffective for failing to present the report made by the arresting officer and the videotape of his arrest. The Magistrate Judge concluded that the arresting officer was questioned extensively during the suppression hearing and on cross-examination during trial. Further, the Magistrate Judge determined that although the videotape not was not offered into evidence, Wilson did not present any evidence or arguments that the video footage would have been contrary to the testimony by the witnesses at trial. Therefore, the Magistrate Judge concluded that defense counsel's decision not to offer the video or report into evidence was not deficient.

In Ground One (B), Wilson claims that his trial counsel was ineffective for failing to raise on direct appeal that the habitual offender amendment to the indictment was error. The Magistrate Judge found that, in fact, this issue was raised on appeal to the Mississippi Supreme Court. Thus, the Magistrate Judge concluded that Wilson's counsel was not deficient.

In Ground One (C), Wilson alleges his counsel was deficient at his sentencing hearing because counsel failed to prepare for sentencing, failed to find error in the indictment and failed to

object to the error in the indictment. The Magistrate Judge concluded that even if counsel was deficient for failing to find the error in the indictment prior to the sentencing hearing, counsel argued at sentencing that the state had failed to meet its burden of proof in regard to the charges in the indictment and the court ruled against the defendant. Therefore, the Magistrate Judge concluded that Wilson failed to establish prejudice under the two prong test in <u>Strickland v. Washington</u> and Wilson's claim must fail because the proceedings were not fundamentally unfair or unreliable. 466 U.S. 668 (1987). The Magistrate Judge also concluded that Wilson's counsel was not deficient for failing to present mitigating evidence of Wilson's history for mental illness. Indeed, the Magistrate Judge found that Wilson's counsel filed a motion for a psychiatric evaluation of Wilson, and Dr. Phillip Scurria sent his findings to Wilson's counsel, the government, and the Court. Based upon Dr. Scurria's evaluation of Wilson, the trial court found Wilson competent to stand trial. As a result, the Magistrate Judge concluded that Wilson's counsel was not deficient for failing to admit alleged mitigating evidence of Wilson's history of mental illness.

In Ground One (D), the Magistrate Judge determined that Wilson's counsel was not deficient for failing to submit a curative instruction regarding testimony about the absence of a government witness. Ms. Mary Cunningham, a bank teller and witness to the

6

robbery Wilson was convicted for, did not testify at his trial due to a death in her family. During trial, this fact was made known to the jurors because two potential jurors indicated that they knew Ms. Cunningham and knew why she was absent from court. The trial judge questioned the potential jurors about their ability to be impartial due to their relationship with Ms. Cunningham. Both indicated they would be impartial; nevertheless, neither juror was selected for the final jury panel. Ms. Debra Kinnebrew, the bank manager, also testified during trial that Ms. Cunningham would not testify during trial because of a death in her family. During trial, Wilson's counsel moved for a mistrial based on the prejudicial effect of this testimony and the jury's knowledge of why Ms. Cunningham was not a witness in the case. The trial judge denied the motion finding that the explanation of Ms. Cunningham's absence was not prejudicial to Wilson in any way. Based upon these facts, the Magistrate Judge determined that Wilson's counsel was not deficient because he did make a motion for a mistrial, counsel was not prevented from arguing that the state had failed to prove its case because of the lack of testimony from Ms. Cunningham, and counsel did, in fact, make such an argument. As a result, the Magistrate Judge concluded that counsel was not deficient, and Wilson failed to prove that the jury verdict would have been different but for counsel's alleged failure to argue for a curative instruction.

In Ground One (E), Wilson alleges that his counsel was deficient for failing to preserve a copy of the videotape of his arrest for appellate review. The Magistrate Judge concluded that Wilson's counsel chose not to offer the videotape into evidence because it was apparently not favorable to Wilson's case. Accordingly, the Magistrate Judge determined that this allegation was without merit.

In Ground One (F), Wilson claims his counsel was deficient for failing to present evidence for a proportionality test during his sentencing. The Magistrate Judge concluded that, in fact, Wilson's counsel did request this test and also argued for the test. Therefore, counsel's performance was not deficient.

In Ground One (G), Wilson alleges that his counsel was ineffective for failing to cite to proper case law during his sentencing. Specifically, Wilson argues that his counsel did not cite to Miss. Code Ann. § 99-3-7, which Wilson alleges supports his argument that the arresting officer did not have probable cause to arrest him. The Magistrate Judge determined that Wilson's counsel did base his argument on this statute, even though he did not orally cite to the statute; and, nevertheless, the trial court concluded that the arresting officer made a proper investigatory stop pursuant to Terry v. Ohio, 392, U.S. 1 (1968). Thus, the Magistrate Judge concluded that Wilson's counsel was not ineffective for failing to cite to the specific statute.

Finally, in Ground One (H), the Magistrate Judge determined that Wilson's counsel was not deficient for failing to argue that Ms. Martha Robinson's pretrial identification of Wilson should be suppressed since such identification was allegedly unnecessary, suggestive and tainted. The Magistrate Judge concluded that because Ms. Robinson, a bank teller and witness to the robbery, correctly identified Wilson during trial, and Wilson's counsel thoroughly questioned Ms. Robinson on cross-examination, counsel was not deficient for failing to argue that a pretrial identification of Wilson should be suppressed. In conclusion, the Magistrate Judge found that "the Mississippi Supreme Court's rejection of Wilson's ineffective assistance of counsel claims does not involve an objectively unreasonable application of Strickland to the facts of his case." R&R, at 26.

Wilson filed his objections to the Report and Recommendation on August 4, 2009. Therein, he objects to all of the Magistrate Judge's recommendations.

In regard to Ground Two, the petitioner argues that the Magistrate Judge erroneously construed his due process claim as a defective indictment claim. The petitioner argues that his due process claim in Ground Two is a sufficiency of the evidence claim. Nonetheless, the petitioner still argues that the amendment to the indictment at the trial court was error. This Court finds that the Magistrate Judge's re-characterization of Ground two is not error.

9

Indeed, the Magistrate addresses the petitioner's defective indictment claim in Ground Two, and also addresses the petitioner's insufficiency of the evidence claim in Ground Three. As to the petitioner's claim that the Magistrate Judge's erred in his conclusion that the amendment to the indictment falls under state law and may not be reviewed in a federal habeas corpus petition, his claim is without merit. In Wilson's appeal to the Mississippi Supreme Court, the court concluded that the amended indictment was not defective, and that Wilson had sufficient notice of the charges against him prior to trial. Wilson v. State, 935 So.2d 945, 948-49 (Miss. 2006). The Fifth Circuit Court of Appeals has stated that "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue" in a petition for writ of habeas corpus. McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994). Accordingly, this Court concurs with the Magistrate Judge's recommendation that federal habeas relief for this claim is barred.

As to Ground Three, Wilson alleges 1) that the Magistrate Judge erroneously determined that the evidence at trial was sufficient and that the Mississippi Supreme Court's decision was not contrary to law or an unreasonably application of clearly established federal law, and; 2) that the Magistrate Judge was erroneous in his conclusion that a challenge to the weight of the evidence is not a constitutional claim. First, Wilson argues that

the evidence at trial was not sufficient to support his conviction. Specifically, he argues that the state failed to prove the "fear under duress" element of robbery because Ms. Cunningham did not testify at trial. See Miss. Code Ann. 97-3-73 (stating that "[every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery"); Smith v. State, 913 So. 2d 365, 367 (Miss. Ct. App. 2005)(the "fear" element for robbery "must be fear under duress of which the owner parts with possession"). At trial, Ms. Martha Robinson, a bank teller and witness to the robbery, identified Wilson and testified that she witnessed Ms. Cunningham putting money in a Wal-Mart bag at Wilson's direction and then Wilson said "you too," meaning that Ms. Robinson should do the same. She further testified, that when she finished putting her money in the bag, Wilson stated that "that's not enough." Therefore, Ms. Robinson went over to Ms. Georgia Knox's window and took more money to put in the Wal-Mart bag. Ms. Robinson also testified that "[o]f course" she was afraid and that is why she complied with Wilson's demands. In addition, Ms. Knox corroborated the testimony Ms. Robinson and also stated that she saw Wilson with a knife at the bank counter. She also testified that she was afraid and felt threatened by the knife. The evidence at trial also showed that the Wal-Mart bag with the

11

money in it at the time was found shortly after the robbery in a parking lot next to bank, red-dye was on the money in the bag, Wilson was arrested by the police near the parking lot, he was covered in red-dye, and he had a knife in his possession when he was arrested. This Court is in agreement with the Magistrate Judge's recommendation that viewing the evidence in the light most favorable to the state, this Court cannot conclude that no "rational trier of fact could have found the essential elements of [robbery] beyond a reasonable doubt." R&R, at 12 (citing Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001)); see also McKee v. State, 791 So. 2d 804, 807 (Miss. 2001)(holding that a victim's testimony that she saw the thief approach her prior to the theft and that she was "'uncomfortable,' 'frightened' and 'afraid'" . . . established the elements of robbery under Mississippi law). Therefore, the Court is satisfied with the Magistrate Judge's conclusion on this issue and finds no error.

Second, Wilson argues that the Magistrate erroneously concluded that his weight of the evidence claim was not a constitutional claim, and, therefore, not a ground for habeas relief. Wilson does not address why his weight of the evidence claim should be considered a constitutional claim. Rather, he states that the jury convicted him of a lessor included offense to robbery instead of armed robbery. The Fifth Circuit Court of Appeals, as well as other federal courts, have determined that a

"sufficiency" of the evidence claim or a "weight" of the evidence claim is not grounds for federal relief. Summerville v. Cook, 438 F. 2d 1196, 1197 (5th Cir. 1971); Siegfried v. Greer, 2007 WL 1395469 (S.D. Miss. May 9, 2007)(citing Young v. Kemp, 760 F. 2d 1097, 1105 (11th Cir. 1985)(holding that "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence")). Thus, this Court finds no error with the Magistrate Judge's recommendation.

In regard to Ground Four, Wilson alleges that the Magistrate Judge erroneously concluded that his constitutional rights were not violated. That is, Wilson argues that Officer Young did not have reasonable suspicion or probable cause to stop and question him. As support for his argument, Wilson cites to Miss. Code Ann. § 97-35-7 and argues that under Mississippi law, he was illegally detained because he was not free to leave at the time Officer Young questioned him. However, Wilson's argument is misplaced. Section 97-35-7 provides law enforcement with the authority to arrest an individual who refuses to comply with a police officer's requests or demands while that individual is in breach of the peace or has intent to breach the peace. The statute also provides a list of circumstances when a police officer may enforce this authority. In the instant case, this statute is not applicable.

At trial, Officer Young testified that he was responding to a

call from dispatch regarding a bank robbery when he saw a man (Wilson) run out of a grocery store parking lot, cross the street and hide behind a parked school bus. He further testified that he approached the individual to question him because he thought the person might be a shoplifter. Officer Young testified that when he approached Wilson, he said "Hey . . . come here buddy . . . what's your name?" At that point, Officer Young testified that Wilson responded, "bank robber." Officer Young then testified that he drew his firearm, told Wilson to lay face-down, hand-cuffed him and read him his rights. Officer Young also testified that Wilson had red dye on his shirt on hands. This Court concurs with the Magistrate Judge that the Mississippi Supreme Court correctly concluded that under Terry v. Ohio, 392 U.S. 1 (1968), Officer Young acted reasonable in conducting an investigatory stop and questioning Wilson. Furthermore, Officer Young was responding to a bank robbery at the time he questioned Wilson and he did not arrest Wilson until he said that he was a "bank robber." As a result, the Court is in agreement with the Magistrate Judge's Report and Recommendation that Wilson's constitutional rights under the Fourth Amendment were not violated.

In regard to Ground One, Wilson objects to all recommendations made by the Magistrate Judge. As to Ground One (A), Wilson contends that the Magistrate Judge erred by concluding that Wilson's trial counsel was not deficient for failing to offer the

14

videotape of his arrest as evidence.  Specifically, Wilson argues that illegal evidence was admitted through Officer Young's testimony that would have been rebutted by the videotape.  However, Wilson does not provide the Court with an explanation regarding how the videotape contradicts any of the testimony at trial.  Indeed, Wilson concedes that his counsel thoroughly questioned Officer Young on cross-examination and there is no evidence that the videotape would have been favorable to Wilson's defense.  For these reasons, the Court agrees with the Magistrate Judge's recommendation that Wilson's counsel was not deficient for deciding not to offer the videotape as evidence.

Concerning Ground One (B), Wilson's claim that his counsel was deficient for failing to raise the issue of a defective amended indictment on appeal is without merit.  This Court concurs with the Magistrate Judge's determination that Wilson's counsel did raise the defective amended indictment issue on appeal.  See Wilson, 935 So. 2d at 948 (Mississippi Supreme Court discusses Wilson's argument that the trial court erred in allowing the state to amend his indictment).

As to Ground One (C), Wilson concedes that the Magistrate Judge did not err in his conclusion that Wilson failed to meet the prejudice prong in the Strickland v. Washington analysis. Nonetheless, Wilson contends that his counsel was deficient for failing to present mitigating evidence -- that is, evidence

15

concerning Wilson's history of mental illness. As stated previously, the Magistrate Judge concluded that Wilson's counsel was not deficient for failing to offer mitigating evidence of Wilson's mental illness history because Wilson's counsel did submit Wilson for a psychiatric evaluation and Wilson was found competent to stand trial by the doctor and the trial judge. As a result, the Court finds that the Wilson's objection to the Magistrate Judge's recommendation is without merit.

In regard to Ground One (D), Wilson contends that this Court should assume that his counsel was deficient for failing to offer a curative instruction, and, then, the prejudice prong of the Strickland analysis would be met. This argument is wholly without merit. This Court is not obliged to assume any element of the petitioner's argument. Rather, the petitioner has the burden of showing that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Wilson must also show that the outcome of his trial would have been different "but for counsel's alleged errors," and that "the result of the proceedings was fundamentally unfair or unreliable." Vuong v. Scott, 62 F.3d 673, 685 (5th Cir. 1995)(citation omitted). Wilson has failed to meet this burden. As a result, the Court is satisfied with the Magistrate Judge's conclusions on this issue and finds no error.

As to Ground One (E), Wilson contends that the Magistrate

16

Judge erred in concluding that his counsel was not deficient for failing to offer the videotape of his arrest as evidence and not preserving the videotape as evidence for appellate review. As stated previous under Ground One (A), the Court concurs with the Magistrate Judge's reasoning and conclusion that Wilson's counsel was not deficient for not offering the videotape as evidence or preserving the videotape for appellate review.

Concerning Ground One (F), Wilson contends that the Magistrate Judge erred in concluding that Wilson's counsel was not deficient for allegedly failing to argue for a proportionality test at sentencing. The Magistrate determined that the trial court record reflected that Wilson's counsel did, in fact, requests a proportionality test and argued for the same. The sentencing court's decision not to accept counsel's argument as to Wilson's prior history for mental illness does not render counsel's performance deficient. Thus, the Court agrees with the Magistrate Judge's determination and finds no error in his recommendation.

Concerning Ground One (G), Wilson concedes that his counsel's failure to cite to specific case law or statutes did not have any effect on the outcome of his proceedings. Nonetheless, Wilson argues that his arrest was in violation of the Fourth Amendment. As stated previously in Ground Four, the Court is in agreement with the Magistrate Judge's Report and Recommendation that Wilson's constitutional rights under the Fourth Amendment were not violated.

Finally, as to Ground One (H), Wilson contends that the Magistrate Judge's determination that Wilson's counsel adequately cross-examined Ms. Robinson during trial is erroneous. Wilson argues that Ms. Robinson identified him as the robber in a pretrial photographic line-up, which was suggestive, unnecessary, and tainted. This allegation is without merit. There is no evidence in the record that Ms. Robinson's pretrial photographic identification was "so impermissibly suggestive as to give rise to the very substantial likelihood of irreparable misidentification." Powell v. Wainwright, 460 F.2d 1056, 1057 (5th Cir. 1972). Furthermore, the record indicates that Ms. Robinson clearly identified Robinson during the trial as the robber. R&R, at 25; (R.3 at 197-201). After examination of the trial testimony, there is no indication that Ms. Robinson's identification at trial was not based upon her observation of Wilson during the commission of the robbery. She was a teller at the bank and was ordered by Wilson to put money into the Wal-Mart bag. She also had ample time to observe Wilson during the robbery. Wilson has failed to present evidence that rebuts these fact. As a result, this Court finds no merit to Wilson's claim that his counsel was deficient in cross-examining Ms. Robinson during trial.

On December 1, 2009, Wilson also filed a Motion to Amend his

2254 Petition [docket entry no. 85].[3]  Therein, he seeks to include a claim of actual innocence.  The actual innocence claim is in regard to his 1994 guilty plea to auto burglary.  Essentially, Wilson argues that he did not knowingly and voluntarily plead guilty to auto burglary in 1994; therefore, that conviction should not be the basis of his conviction in 2004 under the habitual offender statute, Miss. Code Ann. § 99-19-83.  The Court finds this claim and motion to be without merit.  In, Daniels v. United States, *post*, 532 U.S. 374, 382 (2001), the Supreme Court held that "'[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255.  In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001), the Supreme Court extended this holding to motions under § 2254.  As a result, the petitioner may not amend his complaint to assert a claim of actual innocence.

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the plaintiff's objections, the

---

[3] The Court notes that this motion was filed more than two years after he filed his original 2254 petition and more than four months after the Magistrate Judge filed his Report and Recommendation.

Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

## CONCLUSION

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the Report and Recommendation **(docket entry no. 79)** is adopted in its entirety as the findings of the Court.

**IT IS FURTHER ORDERED** that the petitioner's objection **(docket entry no. 80)** to the Magistrate Judge's Report and Recommendation is **OVERRULED.**

**IT IS FURTHER ORDERED** that Bobby Earl Wilson, Jr.'s petition **(docket entry no. 1),** brought pursuant to 28 U.S.C. § 2254, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Amend the Petition for a Writ of *Habeas Corpus* **(docket entry no. 85)** is **DENIED**.

A separate final judgment will be entered herein in accordance with this Order and as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED**, this the 26th day of July 2010.

        s/ David Bramlette
        **UNITED STATES DISTRICT JUDGE**