UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BOBBY EARL WILSON, JR.                                    PETITIONER

VERSUS                             CIVIL ACTION NO. 5:07cv165-DCB-MTP

CHRISTOPHER B. EPPS, ET AL.                               RESPONDENT

ORDER

This cause comes before the Court on the Petitioner's Motions to Alter Judgment [docket entry no. 94] and to Reconsider Issuance of Certificate of Appealability [docket entry no. 96].

In the Motion to Alter Judgment, Petitioner urges the Court to reconsider its denial of the Motion to Amend his 2254 Petition. Petitioner sought to amend the Petition to include a claim of actual innocence with regard to his 1994 conviction for auto burglary following a guilty plea. That 1994 conviction was a predicate to his 2004 sentence as a habitual offender under Miss. Code. Ann. § 99-19-83, following a conviction for robbery. Petitioner is currently serving the 2004 sentence. The Court denied Petitioner's Motion to Amend the 2254 Petition because the Supreme Court has held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on

1

> the ground that the prior conviction was unconstitutionally obtained.

<u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 403-404 (2001) (citing <u>Daniels v. United States, post</u>, 532 U.S. 374, 382 (2001)).

Petitioner now moves to alter the Court's judgment because he contends that he falls under a potential exception to the rule announced in <u>Lackawanna</u> in that he was not at fault for failing to obtain timely review of the Constitutional claim related to his 1994 conviction (though he did not make this argument in his initial Motion to Amend).  Petitioner alleges that he was prevented from challenging the 1994 conviction because he was released early from state custody and because he was not made aware of the statute of limitations on 2254 petitions.  There are only three possible grounds for a Motion to Alter Judgment under Fed. R. Civ. P. 59(e):  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990).  Petitioner's newly asserted argument that he was prevented from challenging the 1994 conviction does not meet any of the Rule 59(e) criteria.  Accordingly, Petitioner's Motion to Alter Judgment must be denied.

Petitioner also moves this Court to reconsider its denial of a Certificate of Appealability ("COA") as to the merits the

2

Constitutional claims asserted in his Petition and as to several motions, all of which the Court denied, including: the Motion to Amend the 2254 Petition (the same judgment which Petitioner also seeks to alter in the separate Motion addressed above); a Motion for Default Judgment; and a Motion for Disqualification.  With respect to all of these issues, Petitioner simply reasserts the grounds on which he based his initial motions.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), a COA will issue only where Petitioner shows (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]  Because this Court had

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> (a) Certificate of Appealability.  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not

already denied a COA as to the issues raised in Petitioner's Motion to Reconsider and Petitioner raises no new arguments, the Court therefore denies the Motion. With respect to the Motion for Disqualification, the Court notes that Petitioner is not required to seek a COA in order to appeal a judge's decision not to recuse himself. Benoit v. Cain, 2010 WL 2930535 (5th Cir. 2010).

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion to Alter Judgment [docket entry no. 94] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Reconsider Issuance of Certificate of Appealability [docket entry no. 96] is DENIED.

SO ORDERED AND ADJUDGED this the 30th day of September 2010.

 s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.